JOSEPH T. MCNALLY
Acting United States Attorney
LINDSEY GREER DOTSON
Assistant United States Attorney
Chief, Criminal Division
ALEXANDER H. TRAN (Cal. Bar No. 338940)
Assistant United States Attorney
General Crimes Section
    1200 United States Courthouse
    312 North Spring Street
    Los Angeles, California 90012
    Telephone: (213) 894-0758
    Facsimile: (213) 894-0141
    E-mail: alexander.tran@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | No.5:25-cr-00038-SVW |
|---|---|
| Plaintiff, | PLEA AGREEMENT FOR DEFENDANT DAVID ALVAREZ-BLAS |
| v. | |
| DAVID ALVAREZ-BLAS, | |
| Defendant. | |

1.    This constitutes the plea agreement between DAVID ALVAREZ-BLAS ("defendant") and the United States Attorney's Office for the Central District of California (the "USAO") in the above-captioned case.  This agreement is limited to the USAO and cannot bind any other federal, state, local, or foreign prosecuting, enforcement, administrative, or regulatory authorities.

RULE 11(c)(1)(C) AGREEMENT

2.    Defendant understands that this agreement is entered into pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C). Accordingly, defendant understands that, if the Court determines that it will not accept this agreement, absent a breach of this

1

agreement by defendant prior to that determination and whether or not defendant elects to withdraw any guilty plea entered pursuant to this agreement, this agreement will, with the exception of paragraph 21 below, be rendered null and void and both defendant and the USAO will be relieved of their obligations under this agreement. Defendant agrees, however, that if defendant breaches this agreement prior to the Court's determination whether or not to accept this agreement, the breach provisions of this agreement, paragraph 23 below, will control, with the result that defendant will not be able to withdraw any guilty plea entered pursuant to this agreement, the USAO will be relieved of all of its obligations under this agreement, and the Court's failure to follow any recommendation or request regarding sentence set forth in this agreement will not provide a basis for defendant to withdraw defendant's guilty plea.

DEFENDANT'S OBLIGATIONS

3.    Defendant agrees to:

a)    Give up the right to indictment by a grand jury and, at the earliest opportunity requested by the USAO and provided by the Court, appear and plead guilty to a one-count information, in the form attached to this agreement as Exhibit A or a substantially similar form, that charges defendant with being an illegal alien found in the United States following deportation or removal in violation of 8 U.S.C. § 1326(a).

b)    Not contest facts agreed to in this agreement.

c)    Abide by all agreements regarding sentencing contained in this agreement and affirmatively recommend to the Court that it impose sentence in accordance with paragraph 13 of this agreement.

1    d)    Appear for all court appearances, surrender as
2 ordered for service of sentence, obey all conditions of any bond,
3 and obey any other ongoing court order in this matter.

4    e)    Not commit any crime; however, offenses that would be
5 excluded for sentencing purposes under United States Sentencing
6 Guidelines ("U.S.S.G." or "Sentencing Guidelines") § 4A1.2(c) are
7 not within the scope of this agreement.

8    f)    Be truthful at all times with the United States
9 Probation and Pretrial Services Office and the Court.

10    g)    Pay the applicable special assessment at or before
11 the time of sentencing unless defendant has demonstrated a lack of
12 ability to pay such assessment.

13                    THE USAO'S OBLIGATIONS
14    4.    The USAO agrees to:

15    a)    Not contest facts agreed to in this agreement.

16    b)    Abide by all agreements regarding sentencing
17 contained in this agreement and affirmatively recommend to the Court
18 that it impose sentence in accordance with paragraph 13 of this
19 agreement.

20    c)    Dismiss the complaint filed on January 25, 2025,
21 against defendant and not further criminally prosecute defendant for
22 violations 18 U.S.C. § 922(g)(5) for the conduct alleged therein.

23                    NATURE OF THE OFFENSE
24    5.    Defendant understands that for defendant to be guilty of
25 the crime charged in the one-count information, a violation of 8
26 U.S.C. § 1326(a), the following must be true: (1) defendant was
27 lawfully deported or removed from the United States; (2) after
28 defendant's deportation or removal, defendant voluntarily entered

                              3

the United States; (3) after defendant entered the United States,
defendant knew that defendant was in the United States and knowingly
remained; (4) defendant was found in the United States without
having obtained consent to reapply for admission into the United
States from the Attorney General or the Secretary of the Department
of Homeland Security, or any authorized representative of either
official; (5) defendant was, at the time of the offense, an alien,
that is, a person who is not a natural-born or naturalized citizen,
or a national, of the United States; and (6) defendant was free from
official restraint at the time he or she entered the United States.
Defendant was free from official restraint if defendant was first
observed by a United States officer after defendant physically
crossed the border of the United States.

## PENALTIES

6.   The statutory maximum sentence that the Court can impose
for a violation of Title 8, United States Code, Section 1326(a) is:
2 years' imprisonment; a one-year period of supervised release; a
fine of $250,000; and a mandatory special assessment of $100.

7.   Defendant understands that supervised release is a period
of time following imprisonment during which defendant will be
subject to various restrictions and requirements.  Defendant agrees
that the imposition of supervised release is warranted in this case,
as authorized under U.S.S.G. § 5D1.1, cmt. n.5. Defendant
understands that if defendant violates one or more of the conditions
of any supervised release imposed, defendant may be returned to
prison for all or part of the term of supervised release authorized
by statute for the offense that resulted in the term of supervised

1  release, which could result in defendant serving a total term of
2  imprisonment greater than the statutory maximum stated above.

3      8.   Defendant understands that the conviction in this case may
4  result in defendant giving up valuable government benefits and civic
5  rights and may also subject defendant to various other collateral
6  consequences, including but not limited to revocation of probation,
7  parole, or supervised release in another case and suspension or
8  revocation of a professional license.  Defendant understands that
9  unanticipated collateral consequences will not serve as grounds to
10 withdraw defendant's guilty plea.

11     9.   Defendant and his counsel have discussed the fact that,
12 and defendant understands that, because defendant is not a United
13 States citizen, the conviction in this case makes it practically
14 inevitable and a virtual certainty that defendant will be removed or
15 deported from the United States.  Defendant may also be denied
16 United States citizenship and admission to the United States in the
17 future.  Defendant understands that while there may be arguments
18 that defendant can raise in immigration proceedings to avoid or
19 delay removal, removal is presumptively mandatory and a virtual
20 certainty in this case.  Defendant further understands that removal
21 and immigration consequences are the subject of a separate
22 proceeding and that no one, including his attorney or the Court, can
23 predict to an absolute certainty the effect of his conviction on his
24 immigration status.  Defendant nevertheless affirms that he wants to
25 plead guilty regardless of any immigration consequences that his
26 plea may entail, even if the consequence is automatic removal from
27 the United States.

28

## FACTUAL BASIS

10.   Defendant admits that defendant is, in fact, guilty of violating 8 U.S.C. § 1326(a) as described in the information. Defendant and the USAO agree to the statement of facts provided below and agree that this statement of facts is sufficient to support a plea of guilty to the charge described in this agreement and to establish the Sentencing Guidelines factors set forth in paragraph 12 below but is not meant to be a complete recitation of all facts relevant to the underlying criminal conduct or all facts known to either party that relate to that conduct.

Defendant, a citizen of Mexico, was at all times relevant to this plea agreement an alien, that is, not a natural-born or naturalized citizen, or national, of the United States. Defendant was lawfully deported or removed from the United States on or about May 12, 2014, and October 22, 2024. Subsequent to defendant's October 22, 2024 deportation or removal, on or about November 24, 2024, defendant knowingly and voluntarily re-entered and thereafter remained in the United States. Defendant did so without the consent of the Attorney General or his designated successor, the Secretary of the Department of Homeland Security, or of any authorized representative of either the Attorney General or that Department, to reapply for admission or to otherwise re-enter and remain in the United States.

After defendant re-entered and remained in the United States, on or about January 23, 2025, immigration authorities found defendant in San Bernardino County, within the Central District of California. Defendant was found by immigration authorities after he had physically crossed the border of the United States. When

6

1 defendant was found, he possessed a Glock, Model 19, 9mm caliber

2 firearm and two magazines with a total of 14 rounds of ammunition.

3 Defendant knew he was in possession of the firearm and ammunition

4 and further knew and understood that it was unlawful for him to

5 possess the firearm and ammunition.

SENTENCING FACTORS AND AGREED-UPON SENTENCE

7    11.  Defendant understands that in determining defendant's

8 sentence the Court is required to calculate the applicable

9 Sentencing Guidelines range and to consider that range, possible

10 departures under the Sentencing Guidelines, and the other sentencing

11 factors set forth in 18 U.S.C. § 3553(a).  Defendant understands

12 that the Sentencing Guidelines are advisory only.

13    12.  Defendant and the USAO agree to the following applicable

14 Sentencing Guidelines factors:

| | | |
|---|---|---|
| Base Offense Level: | 8 | U.S.S.G. § 2L1.2(a) |
| Acceptance of Responsibility: | -2 | U.S.S.G. § 3E1.1(a) |
| Early Disposition Program Departure: | -4 | U.S.S.G. § 5K3.1 |
| Total Offense Level: | 2 | |

21 Defendant and the USAO further agree that, if Defendant's

22 Calculated Criminal History Category, as defined in paragraph 13

23 below, is criminal history category VI, the Early Disposition

24 Program Departure shall be only 2 levels (rather than the 4

25 specified above), with the result that defendant's Total Offense

26 Level will be 4 rather than 2 as specified above.

27    13.  Defendant and the USAO agree that, taking into account the

28 factors listed in 18 U.S.C. § 3553(a)(1)-(7) and the relevant

1  sentencing guideline factors set forth above, an appropriate
2  disposition of this case is that the Court impose a sentence of:
3  (a) $100 special assessment; (b) a term of imprisonment within the
4  applicable Sentencing Guidelines range determined by the Total
5  Offense Level determined in accordance with paragraph 12 above, and
6  the criminal history category calculated by the Court in accordance
7  with Chapter 4 of the Sentencing Guidelines without any departure
8  based on inadequacy of criminal history under U.S.S.G. § 4A1.3
9  ("Defendant's Calculated Criminal History Category"); and (c) a one-
10 year period of supervised release to follow release from
11 imprisonment, which includes the following terms and conditions:

12         i)   Defendant shall comply with the rules and regulations
13      of the United States Probation and Pretrial Services Office and
14      Second Amended General Order 20-04, including, but not limited
15      to, the condition that defendant shall not commit another
16      federal, state or local crime;

17         ii)  Defendant shall refrain from any unlawful use of a
18      controlled substance.  As directed by the Probation Officer,
19      defendant shall submit to one drug test within 15 days of
20      release from imprisonment.  Thereafter, defendant shall also
21      submit to periodic drug testing as directed by the Probation
22      Officer, not to exceed eight drug tests per month;

23         iii) Defendant shall comply with the immigration rules and
24      regulations of the United States, and when deported or removed
25      from this country, either voluntarily or involuntarily, not re-
26      enter the United States illegally.  Defendant is not required
27      to report to the United States Probation and Pretrial Services
28      Office while residing outside of the United States; however,

8

within 72 hours of release from any custody or any reentry to the United States during the period of court-ordered supervision, defendant shall report for instructions to the United States Probation and Pretrial Services Office;

iv)   Defendant shall not obtain or possess any driver's license, Social Security number, birth certificate, passport or any other form of identification in any name, other than defendant's true legal name, without the prior written approval of the Probation Officer; nor shall defendant use, for any purpose or in any manner, any name other than defendant's true legal name; and

v)   Defendant shall cooperate in the collection of a DNA sample from defendant.

14.   The parties also agree that no prior imprisonment (other than credits that the Bureau of Prisons may allow under 18 U.S.C. § 3585(b)) may be credited against this stipulated sentence, including credit under Sentencing Guideline § 5G1.3.   Defendant represents, and the USAO does not contest, that defendant does not have the ability to pay a fine.

15.   The parties agree that they will recommend that the Court impose the sentence set forth in paragraph 13 above, and that they will not seek, argue, or suggest in any way, either orally or in writing, that any other specific offense characteristics, adjustments, departures, or variances in sentence pursuant to the Sentencing Guidelines and/or the factors set forth in 18 U.S.C. § 3553(a) be imposed, or that the Court impose a sentence other than what has been stipulated to by the parties herein.

16. The parties agree to request that defendant be sentenced as soon as possible following the entry of defendant's guilty plea. The parties stipulate and agree that, with the exception of defendant's criminal history, there is sufficient information in the record to enable the Court to exercise its sentencing authority meaningfully without a presentence investigation or report. The parties agree to request that the United States Probation and Pretrial Services Office prepare a presentence report that is limited to defendant's criminal history only. To the extent defendant has a right to a presentence investigation and preparation of a presentence report relating to anything other than defendant's criminal history, defendant hereby knowingly, voluntarily, and intelligently waives that right. The parties agree to request that the Court find, pursuant to Federal Rule of Criminal Procedure 32(c)(1), that the information in the record, coupled with a presentence report limited to defendant's criminal history, is sufficient to enable the Court to exercise its sentencing authority meaningfully without a more complete presentence investigation and report. The parties understand and agree that, in the event that the Court declines to make this finding and instead orders that a more complete presentence investigation be conducted and/or a more complete presentence report prepared, such action shall have no effect on the validity of this Agreement or any of its terms or conditions and shall not provide a basis for either party to withdraw from the plea agreement.

## WAIVER OF CONSTITUTIONAL RIGHTS

17. Defendant understands that by pleading guilty, defendant gives up the following rights:

1          a)    The right to persist in a plea of not guilty.

2          b)    The right to a speedy and public trial by jury.

3          c)    The right to be represented by counsel – and if
4    necessary have the Court appoint counsel – at trial.  Defendant
5    understands, however, that, defendant retains the right to be
6    represented by counsel – and if necessary have the Court appoint
7    counsel – at every other stage of the proceeding.

8          d)    The right to be presumed innocent and to have the
9    burden of proof placed on the government to prove defendant guilty
10   beyond a reasonable doubt.

11         e)    The right to confront and cross-examine witnesses
12   against defendant.

13         f)    The right to testify and to present evidence in
14   opposition to the charges, including the right to compel the
15   attendance of witnesses to testify.

16         g)    The right not to be compelled to testify, and, if
17   defendant chose not to testify or present evidence, to have that
18   choice not be used against defendant.

19         h)    Any and all rights to pursue any affirmative
20   defenses, Fourth Amendment or Fifth Amendment claims, and other
21   pretrial motions that have been filed or could be filed.

                    WAIVER OF APPEAL OF CONVICTION

23         18.   Defendant understands that, with the exception of an
24   appeal based on a claim that defendant's guilty plea was
25   involuntary, by pleading guilty defendant is waiving and giving up
26   any right to appeal defendant's conviction on the offense to which
27   defendant is pleading guilty.  Defendant understands that this
28   waiver includes, but is not limited to, arguments that the statute

                                11

1  to which defendant is pleading guilty is unconstitutional, and any
2  and all claims that the statement of facts provided herein is
3  insufficient to support defendant's plea of guilty.

4  <u>LIMITED MUTUAL WAIVER OF APPEAL OF SENTENCE</u>

5      19.  Defendant agrees that, provided the Court imposes the
6  sentence specified in paragraph 13 above, defendant gives up the
7  right to appeal any portion of that sentence, with the exception
8  that defendant reserves the right to appeal Defendant's Calculated
9  Criminal History Category, as defined in paragraph 13 above.

10      20.  The USAO agrees that, provided the Court imposes the
11  sentence specified in paragraph 13 above, the USAO gives up its
12  right to appeal any portion of that sentence, with the exception
13  that the government reserves the right to appeal Defendant's
14  Calculated Criminal History Category, as defined in paragraph 13
15  above.

16  <u>RESULT OF WITHDRAWAL OF GUILTY PLEA</u>

17      21.  Defendant agrees that if, after entering a guilty plea
18  pursuant to this agreement, defendant seeks to withdraw and succeeds
19  in withdrawing defendant's guilty plea on any basis other than a
20  claim and finding that entry into this plea agreement was
21  involuntary, then (a) the USAO will be relieved of all of its
22  obligations under this agreement; and (b) should the USAO choose to
23  pursue any charge that was either dismissed or not filed as a result
24  of this agreement, then (i) any applicable statute of limitations
25  will be tolled between the date of defendant's signing of this
26  agreement and the filing commencing any such action; and
27  (ii) defendant waives and gives up all defenses based on the statute
28  of limitations, any claim of pre-indictment delay, or any speedy

12

1  trial claim with respect to any such action, except to the extent

2  that such defenses existed as of the date of defendant's signing

3  this agreement.

### EFFECTIVE DATE OF AGREEMENT

5      22.  This agreement is effective upon signature and execution

6  of all required certifications by defendant, defendant's counsel,

7  and an Assistant United States Attorney.

### BREACH OF AGREEMENT

9      23.  Defendant agrees that if defendant, at any time after the

10  signature of this agreement and execution of all required

11  certifications by defendant, defendant's counsel, and an Assistant

12  United States Attorney, knowingly violates or fails to perform any

13  of defendant's obligations under this agreement ("a breach"), the

14  USAO may declare this agreement breached.  All of defendant's

15  obligations are material, a single breach of this agreement is

16  sufficient for the USAO to declare a breach, and defendant shall not

17  be deemed to have cured a breach without the express agreement of

18  the USAO in writing.  If the USAO declares this agreement breached,

19  and the Court finds such a breach to have occurred, then: (a) if

20  defendant has previously entered a guilty plea pursuant to this

21  agreement, defendant will not be able to withdraw the guilty plea,

22  (b) the USAO will be relieved of all its obligations under this

23  agreement, and (c) the Court's failure to follow any recommendation

24  or request regarding sentence set forth in this agreement will not

25  provide a basis for defendant to withdraw defendant's guilty plea.

26      24.  Following the Court's finding of a knowing breach of this

27  agreement by defendant, should the USAO choose to pursue any charge

28

1   that was either dismissed or not filed as a result of this
2   agreement, then:

3        a)   Defendant agrees that any applicable statute of
4   limitations is tolled between the date of defendant's signing of
5   this agreement and the filing commencing any such action.

6        b)   Defendant waives and gives up all defenses based on
7   the statute of limitations, any claim of pre-indictment delay, or
8   any speedy trial claim with respect to any such action, except to
9   the extent that such defenses existed as of the date of defendant's
10  signing this agreement.

11      25.   Defendant agrees that: (i) any statements made by
12  defendant, under oath, at the guilty plea hearing (if such a hearing
13  occurred prior to the breach); (ii) the agreed to factual basis
14  statement in this agreement; and (iii) any evidence derived from
15  such statements, shall be admissible against defendant in any such
16  action against defendant, and defendant waives and gives up any
17  claim under the United States Constitution, any statute, Rule 410 of
18  the Federal Rules of Evidence, Rule 11(f) of the Federal Rules of
19  Criminal Procedure, or any other federal rule, that the statements
20  or any evidence derived from the statements should be suppressed or
21  are inadmissible.

22         COURT AND UNITED STATES PROBATION AND PRETRIAL SERVICES
23                          OFFICE NOT PARTIES

24      26.   Defendant understands that the Court and the United States
25  Probation and Pretrial Services Office are not parties to this
26  agreement and need not accept any of the USAO's sentencing
27  recommendations or the parties' agreements to facts, sentencing
28  factors, or sentencing.  Defendant understands that the Court will

                                14

determine the facts, sentencing factors, and other considerations
relevant to sentencing and will decide for itself whether to accept
and agree to be bound by this agreement.

27.  Defendant understands that both defendant and the USAO are
free to: (a) supplement the facts by supplying relevant information
to the United States Probation and Pretrial Services Office and the
Court, (b) correct any and all factual misstatements relating to the
Court's Sentencing Guidelines calculations and determination of
sentence, and (c) argue on appeal and collateral review that the
Court's Sentencing Guidelines calculations and the sentence it
chooses to impose are not error, although each party agrees to
maintain its view that the calculations and sentence referenced in
paragraphs 12 and 13 are consistent with the facts of this case.
While this paragraph permits both the USAO and defendant to submit
full and complete factual information to the United States Probation
and Pretrial Services Office and the Court, even if that factual
information may be viewed as inconsistent with the facts agreed to
in this agreement, this paragraph does not affect defendant's and
the USAO's obligations not to contest the facts agreed to in this
agreement.

<u>NO ADDITIONAL AGREEMENTS</u>

28.  Defendant understands that, except as set forth herein,
there are no promises, understandings, or agreements between the
USAO and defendant or defendant's attorney, and that no additional
promise, understanding, or agreement may be entered into unless in a
writing signed by all parties or on the record in court.

15

PLEA AGREEMENT PART OF THE GUILTY PLEA HEARING

29.  The parties agree that this agreement will be considered part of the record of defendant's guilty plea hearing as if the entire agreement had been read into the record of the proceeding.

AGREED AND ACCEPTED

UNITED STATES ATTORNEY'S OFFICE
FOR THE CENTRAL DISTRICT OF CALIFORNIA

JOSEPH T. MCNALLY
Acting United States Attorney

*Alexander H. Tran*                          2/20/2025
ALEXANDER H. TRAN                          Date
Assistant United States Attorney

_____                    02/04/2025
DAVID ALVAREZ-BLAS                         Date
Defendant

_____                    2/4/25
Attorney for Defendant                     Date
DAVID ALVAREZ-BLAS

CERTIFICATION OF DEFENDANT

**TO DEFENDANT AND COUNSEL: INITIAL THE TRUE STATEMENT AND CROSS OUT THE OTHER:**

1.  This agreement has been read to me in Spanish, the language I understand best.  Defendant's initials: DAB / Counsel's initials: JM   OR:

2.  I am fluent in English and have carefully read this agreement.  Defendant's initials: _____ / Counsel's initials: _____

I have had enough time to review and consider this agreement, and I have carefully and thoroughly discussed every part of it with my attorney.  I understand the terms of this agreement, and I

16

1  voluntarily agree to those terms.  I have discussed the evidence

2  with my attorney, and my attorney has advised me of my rights, of

3  possible pretrial motions that might be filed, of possible defenses

4  that might be asserted either prior to or at trial, of the

5  sentencing factors set forth in 18 U.S.C. § 3553(a), of relevant

6  Sentencing Guidelines provisions, and of the consequences of

7  entering into this agreement.  No promises, inducements, or

8  representations of any kind have been made to me other than those

9  contained in this agreement.  No one has threatened or forced me in

10  any way to enter into this agreement.  I am satisfied with the

11  representation of my attorney in this matter, and I am pleading

12  guilty because I am guilty of the charges and wish to take advantage

13  of the promises set forth in this agreement, and not for any other

14  reason.

15  _____        02/04/2025
                                            _____
16  DAVID ALVAREZ-BLAS                      Date
    Defendant

17

18                      CERTIFICATION OF INTERPRETER

19      I, Amaranta Scozzelli      , am fluent in the written and

20  spoken English and Spanish languages.  I accurately translated this

21  entire agreement from English into Spanish to defendant DAVID

22  ALVAREZ-BLAS on this date.

23  _____        02/04/2025.
                                            _____
24  INTERPRETER                             Date

25

26

27

28

                            17

<u>CERTIFICATION OF DEFENDANT'S ATTORNEY</u>

I am DAVID ALVAREZ-BLAS's attorney.  I have carefully and thoroughly discussed every part of this agreement with my client. Further, I have fully advised my client of his rights, of possible pretrial motions that might be filed, of possible defenses that might be asserted either prior to or at trial, of the sentencing factors set forth in 18 U.S.C. § 3553(a), of relevant Sentencing Guidelines provisions, and of the consequences of entering into this agreement.  To my knowledge: no promises, inducements, or representations of any kind have been made to my client other than those contained in this agreement; no one has threatened or forced my client in any way to enter into this agreement; my client's decision to enter into this agreement is an informed and voluntary one; and the factual basis set forth in this agreement is sufficient to support my client's entry of a guilty plea pursuant to this agreement.

_____          _____
Attorney for Defendant              Date   2/4/25
DAVID ALVAREZ-BLAS

18

1
2
3
4
5
6
7
8
9
10
11
12              EXHIBIT A
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                Plaintiff,<br><br>                v.<br><br>DAVID ALVAREZ-BLAS,<br><br>                Defendant. | CR No.<br><br>I N F O R M A T I O N<br><br>[8 U.S.C. § 1326(a): Illegal Alien Found in the United States Following Deportation] |

The Acting United States Attorney charges:

[8 U.S.C. § 1326(a)]

On or about January 23, 2025, defendant DAVID ALVAREZ-BLAS, an alien, who had been officially deported and removed from the United States on or about May 12, 2014, and October 22, 2024, was found in San Bernardino County, within the Central District of California, after knowingly and voluntarily re-entering and remaining in the United States without having obtained permission from the Attorney General or his designated successor, the Secretary for Homeland Security, to reapply for

1  admission to the United States following deportation and

2  removal.

3

4                                    JOSEPH T. MCNALLY
                                     Acting United States Attorney

5                                    LINDSEY GREER DOTSON
                                     Assistant United States Attorney
6                                    Chief, Criminal Division

7

8

9                                    FRANCES S. LEWIS
                                     Assistant United States Attorney
                                     Chief, General Crimes Section
10

11                                   BENEDETTO L. BALDING
                                     Assistant United States Attorney
                                     Deputy Chief, General Crimes
12                                   Section

13                                   ALEXANDER H. TRAN
                                     Assistant United States Attorney
14                                   General Crimes Section

15

16

17

18

19

20

21

22

23

24

25

26

27

28